LOUIS ASTUTO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Astuto v. Commissioner
Docket No. 24984-82.
United States Tax Court
T.C. Memo 1987-200; 1987 Tax Ct. Memo LEXIS 198; 53 T.C.M. (CCH) 614; T.C.M. (RIA) 87200; April 14, 1987. Martin H. Ginsberg, for the petitioner. Alan H. Kaufman, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated July 13, 1982, respondent determined the following deficiencies and additions to tax due from petitioner: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
1970
$94,276.94
$47,138.47
1971
20,115.00
10,057.50
*199 After a concession, the issues for decision are: (1) whether respondent has properly determined deficiencies in petitioner's Federal income tax for each of the taxable years in issue; and (2) whether petitioner is collaterally estopped from denying the applicability of the addition to tax for fraud under section 6653(b) for the taxable year 1970. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Louis Astuto (petitioner) resided in Staten Island, New York, at the time the petition in this case was filed. Petitioner did not file income tax returns for 1970 or 1971. [3]
On April 13, 1977, petitioner was indicted by a Federal grand jury on four counts of Federal income tax evasion, specifically for willfully and knowingly attempting to evade taxes due, and for failure to file income tax returns for the 1970 *200 and 1971 taxable years. [4] After a trial before a jury, petitioner was found guilty under Counts One and Two of violating sections 7201 and 7203 for the taxable year 1970. [5]United States of America v. Louis Astuto (E.D.N.Y. Docket No. 77-CR-220), affd. without opinion 615 F.2d 1351 (2d Cir. 1979). In the statutory notice of deficiency, respondent determined deficiencies and additions to tax for fraud in petitioner's income tax for the 1970 and 1971 taxable years. Respondent alleged *201 in his answer that during the taxable years in issue petitioner acquired stolen securities which he turned over to Edmund Graifer, who pledged the securities for loans from The Trust Company of New Jersey and then shared the loan proceeds with petitioner. Based in part on the testimony and evidence of record from petitioner's criminal trial, respondent calculated that petitioner had unreported income from the stolen securities scheme as follows: Amount Received
Date of Loan
Securities Pledged
Amount of Loan
by Petitioner
4-2-70
$50,000 State of
$62,500
$25,000
Michigan Bonds
$30,000 Port
Authority Bonds
$50,000 San Francisco
Bay Area Bonds
5-1-70
$100,000 U.S.
$75,000
$30,000
Treasury Bills
5-19-70
3,000 Shares ITT
$70,000
$25,000
7-19-70
700 Shares
$70,000
$30,750
Emerson Electric
500 Shares Portland
Cement
500 Shares ITT
400 Shares Walt
Disney Productions
11-10-70
$100,000 U.S.
$75,000
$30,000
Treasury Bills
12-8-70
$50,000 State of
$30,000
$15,000
Ohio Bonds
TOTAL RECEIVED BY PETITIONER IN 1970
$155,750 12-23-70
11,500 Shares
$75,000
Iowa Power & Light
12-31-70
11,550 Shares
$40,000
Iowa Power & Light
1-4-71
11,500 Shares
$50,000
$50,000
Iowa Power & Light
TOTAL RECEIVED BY PETITIONER IN 1971
$50,000
*202 After numerous continuances, this case was calendared for trial on January 28, 1985, at a special session of the Court in Washington, D.C. However, no oral testimony was given at trial. The evidence in this case consists of a stipulation of facts with accompanying exhibits. [6] These exhibits include the trial transcripts from petitioner's criminal trial for tax evasion, except for the testimony of Edmund Graifer (Mr. Graifer) and Salvatore Cardinale (Mr. Cardinale), the two principal witnesses for the Government in that prior proceeding. *203 At the trial session before this Court, petitioner attempted to call Mr. Graifer and Mr. Cardinale as witnesses to testify in this case. Both individuals had previously participated in the Government's witness protection program. Mr. Cardinale was subpoenaed but the United States Marshal's Service was unable to locate him for service of the subpoena. With respect to Mr. Graifer, the United States Marshal's Service, in response to this Court's issuance of a bench warrant, provided the Court with medical documentation that Mr. Graifer's physical condition prevented him from traveling. OPINION The Commissioner's determination of a deficiency in tax is presumptively correct and petitioner bears the burden of proving it wrong. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933); Bernuth v. Commissioner,470 F.2d 710, 714 (2d Cir. 1972), affg. 57 T.C. 225 (1971). Where, however, it is demonstrated that the statutory notice of deficiency is arbitrary and excessive, the presumption of correctness evaporates and the burden of going forward with evidence supporting the determination of deficiency shifts to respondent.[7]Helvering v. Taylor,293 U.S. 507 (1935); *204 Dellacroce v. Commissioner,83 T.C. 269, 280, 287 (1984). *205 In his petition, petitioner alleges that the notice of deficiency was based on the criminal conviction against him and further states that the judgment of conviction does not establish that he ever dealt in stolen securities or had income in the amount determined by respondent. Petitioner denies receipt of income as set forth in the notice of deficiency. In addition, petitioner claims he was denied procedural due process because he was never audited or given the opportunity to have a hearing before the Internal Revenue Service. On brief, petitioner argues that the conviction against him was based entirely on the testimony of Mr. Graifer. Petitioner's principal contention, therefore, is that the doctrine of collateral estoppel should not apply in this case because this witness was unavailable for cross-examination at trial in the instant case. According to petitioner, Mr. Graifer testified at the criminal trial that he had an illegal arrangement with petitioner wherein petitioner furnished Mr. Graifer with stolen securities which were used as collateral for loans, and that loan proceeds were then shared with petitioner. Petitioner contends that Mr. Graifer, a Government informant *206 who was granted immunity, lied in order to protect himself from prosecution during petitioner's 1978 trial. Petitioner claims that given the opportunity Mr. Graifer might now "purge himself of his untruthful testimony." In allegations which accuse the Government of refusing to produce Mr. Graifer as a witness, petitioner states that he has been thwarted in his attempt to prove that Mr. Graifer never gave him any money and that he had no taxable income during the years at issue. We find that petitioner has failed to offer any evidence casting doubt on the deficiency determined by respondent. First, petitioner's contentions concerning the applicability of collateral estoppel are not well taken. We note that collateral estoppel is relevant where respondent has determined additions to tax for fraud based on a conviction for criminal tax evasion under section 7201. As discussed infra, it is an established policy of this Court to sustain respondent's determination of additions to tax where a taxpayer has been found guilty under section 7201. In such circumstances the doctrine of collateral estoppel actually and necessarily determines that there was, for purposes of section 6653(b), *207 a specific intention to evade tax, but does not prevent a taxpayer from presenting reliable and credible evidence to show that respondent's determination of deficiency is incorrect. See Arctic Ice Cream Co. v. Commissioner,43 T.C. 68, 74 (1964). In the instant proceeding, petitioner's arguments do not constitute reliable and credible evidence sufficient to shift the burden of going forward with the evidence to respondent. Thus, petitioner's assertion that collateral estoppel is not applicable is irrelevant. Moreover, petitioner's contentions concerning Mr. Graifer's prior testimony, which was not placed in the record in this case, are purely speculative. Secondly, petitioner's assertion that Mr. Graifer is the only "witness in existence" to prove that he did not receive the income at issue is fallacious. Petitioner had the opportunity to testify at trial before this Court. If petitioner had in fact testified and if such testimony was determined to be credible, this might have been sufficient to shift the burden of going forward to respondent. [8] This Court has noted on several occasions, however, that a taxpayer's unexplained failure to testify gives rise to *208 a presumption that had he testified and told the truth, his testimony would have been unfavorable to his cause. Kraus v. Commissioner,59 T.C. 681, 696 (1973), affd. without discussion on this point 490 F.2d 898 (2d Cir. 1974); Cohen v. Commissioner,9 T.C. 1156, 1162 (1947), affd. 176 F.2d 394 (10th Cir. 1949); Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Because petitioner herein did not testify it can be inferred that his testimony would have been unfavorable to his case. In addition, petitioner's allegations that the Government prevented Mr. Graifer and Mr. Cardinale from testifying *209 are not established. The record indicates that throughout the course of this proceeding, counsel for both respondent and petitioner were dilatory in preparing this case for timely disposition. After numerous continuances, this Court attempted, through the issuance of a bench warrant, to bring Mr. Graifer before the Court to testify. Despite this Court's good faith effort to ensure Mr. Graifer's presence at trial, the United States Marshal's Service provided the Court with medical documentation indicating that he was an unavailable witness due to his ill health. As noted in the record, Mr. Cardinale was also subpoenaed, but apparently avoided service. The reasons for the unavailability of these two witnesses were fully disclosed at trial on January 28, 1985. We therefore conclude that, in the absence of any evidence to the contrary, respondent's determination with respect to the deficiencies must be sustained. The final issue for our consideration is whether petitioner is collaterally estopped from denying the applicability of an addition to tax under section 6653(b) for the taxable year 1970. Generally, the burden of proving fraud is on respondent. Sec. 7454(a); Rule 142(b). *210 However, where a taxpayer has been indicted and found guilty of violating section 7201, it is well established that the taxpayer is collaterally estopped from denying the allegations of fraud. Rodney v. Commissioner,53 T.C. 287 (1969); Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner,supra.As this Court noted in Arctic Ice Cream Co. v. Commissioner,supra at 76, "[t]he essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such a determination and not upon what evidence or by what means it was reached." Further, the fact that certain witnesses were unavailable for examination at trial before this Court does not bar respondent from relying on the doctrine of collateral estoppel to establish fraud. Petitioner in this case was indicted and found guilty of willfully attempting to evade and defeat his income tax under section 7201 for the taxable year 1970. His conviction was affirmed by the United States Court of Appeals for the Second Circuit and *211 that judgment is now final. Accordingly, petitioner is estopped from denying fraud for the taxable year 1970 and we further conclude that petitioner is liable for the addition to tax under section 6653(b) for that year. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On brief, respondent conceded the addition to tax for fraud under section 6653(b) for the taxable year 1971.↩
3. Internal Revenue Service records show that petitioner last filed an income tax return for the taxable year 1966.↩
4. The charges were brought under sections 7201 and 7203. Count One alleged that petitioner had received income in 1970 of about $151,625 and owed $80,003.81 in taxes; Count Three alleged that petitioner had received income in 1971 of about $45,125 and owed $14,652 in taxes; Count Two and Count Four alleged that petitioner had willfully and knowingly failed to file income tax returns for 1970 and 1971, respectively. ↩
5. Petitioner was sentenced on Count One to imprisonment for a period of two years and fined $10,000. Imposition of the sentence of Count Two was suspended and petitioner was placed on probation for three years to run consecutively with the sentence in Count One.↩
6. Briefly, this evidence demonstrates that petitioner often used the alias of Louis Asher, and had an account under that name with The Trust Company of New Jersey, the same institution where bank officials testified that Mr. Graifer pledged securities and cashed loan proceeds checks. Petitioner listed his occupation as a self-employed garage operator on the checking account application at The Trust Company of New Jersey, with a mailing address in care of Edmund Graifer. On one occasion petitioner made a deposit of $15,000 and later wrote a check to himself for $9,250 and another to Edmund Graifer for $5,720. This account was also used to pay petitioner's rental expenses on his apartment in New Jersey. During the taxable years in issue, petitioner maintained two residences, one in Brooklyn, New York, with his wife Antoinette, and another in Fort Lee, New Jersey, with his girlfriend, Gloria Marrotta, who used the name Gloria Asher. In 1970, petitioner purchased a home in Florida as an investment in his parents' name which he subsequently sold in 1971, depositing the proceeds in an account held jointly with his wife Antoinette.↩
7. Deciding whether the statutory notice of deficiency is arbitrary requires that we look behind the statutory notice to examine the evidence used in making the determination, something this Court, as a general rule, is reluctant to do. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). However, in cases involving unreported illegal income, where a taxpayer alleges that a notice of deficiency is arbitrary and without a rational basis and where respondent has introduced no substantive evidence but has rested solely on the presumption of correctness, we have overcome our reluctance, and have looked behind the notice of deficiency. Shriver v. Commissioner,85 T.C. 1, 3 (1985), affd.    F.2d    (7th Cir., Oct. 3, 1986); Dellacroce v. Commissioner,83 T.C. 269, 280, 287↩ (1984). In the instant case, however, petitioner did not specifically challenge the validity of the statutory notice of deficiency in his pleadings or at trial. Any assignment of error not properly raised is deemed conceded. Rule 34(b)(4). Because petitioner did not challenge the correctness of the notice in his petition or subsequent pleadings, it is deemed conceded. Consequently, we will not look behind the statutory notice in the instant case, or require the respondent to go forward with the evidence necessary to support the determination of deficiency. Thus, the burden of going forward as well as the burden of proof remains with petitioner.
8. See, e.g., Kessler v. Commissioner,T.C. Memo. 1977-117 (where IRS alleged that taxpayer received income from kickbacks, his uncontradicted denial was sufficient to prove he did not, that being the only evidence available to him); Haimowitz v. Commissioner,T.C. Memo. 1971-241↩ (taxpayer's testimony denying involvement in gambling activities sufficient to shift burden to respondent to go forward with the evidence).