PHUONG V. NGUYEN AND THU H. NGUYEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nguyen v. Commissioner
Docket Nos. 30600-91, 30601-91
United States Tax Court
T.C. Memo 1993-369; 1993 Tax Ct. Memo LEXIS 382; 66 T.C.M. (CCH) 416; August 19, 1993, Filed *382 Decision will be entered under Rule 155. H and W ran a "shrimping" business. Respondent disallowed a deduction from the income of this business for commission expense for H's 1982 taxable year. Respondent also disallowed a similar deduction for the 1983 and 1984 taxable years of H and W. Respondent further determined that H and W had unreported income for the 1983 taxable year in the amount of $ 100,000. H and W claimed the source of the $ 100,000 was loans, most of which they did not substantiate. Held: Respondent's disallowance of commission expense is sustained for all years in issue. Held further: The 1983 taxable income of H and W is increased in the amount of $ 80,000, the amount that they could not prove to be from a nontaxable source. Held further: H and W are liable for additions to tax under sections 6653(a) and 6661. For petitioners: Ronald A. Wagenheim. For respondent: Kenneth J. Rubin and Keith L. Gorman. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: Phuong V. Nguyen (Phuong) and Thu H. Nguyen (Thu) petitioned this Court for redetermination of respondent's determination of the following deficiencies in and additions to petitioners' *383 Federal income tax: [1]
Additions to Tax Year
Deficiency
Sec. 6661
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1982
$ 5,300 $ 1,325
-- --
1983
27,202
6,801
$ 1,360
[1]
1984
7,833
1,958
-- --
After *384 concessions by the parties, the issues for decision are: (1) Whether petitioners failed to report $ 95,000 of income [2] in the 1983 taxable year. We hold that petitioners failed to report $ 80,000 of income for such year. (2) Whether petitioners are entitled to deductions on Schedule C for commission expenses of $ 8,794, $ 8,239, and $ 14,772 in taxable years 1982, 1983, and 1984, respectively. We hold that petitioners are not entitled to commission expense deductions for any of these years. (3) Whether petitioners are liable for additions to tax under section 6653(a)(1) and (2)[3] for the 1983 taxable year. We hold that they are. *385 (4) Whether petitioners are liable for the addition to tax under section 6661 for 1982, 1983, and 1984. We hold that they are. [4]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Atlantic City, New Jersey. Phuong *386 was born in a fishing village in Vietnam. When he was 16 years old, he and his family immigrated to the United States. In 1978, Phuong left high school and attended a training program to become a welder. During all of the years in issue, Phuong worked as a welder in Gulfport, Mississippi, receiving taxable wages reported on Forms W-2 of $ 23,819.17 in 1982, $ 25,141.45 in 1983, and $ 23,971.97 in 1984. Phuong came from a "shrimping" family, and, in 1980, he started a shrimping business. Phuong purchased a boat, the Pacific, with the help of family and friends. Operation of the boat required one or two people. The shrimping season is late May to November in the Gulf waters, where the Pacific shrimped. In Louisiana waters, the season begins in January. A boat like the Pacific is capable of shrimping in Louisiana waters. Petitioners sold the Pacific in 1984. In each year in issue, petitioners deducted as commission expense on Schedule C approximately 40 percent of their reported net income from shrimping. Petitioners did not keep cash receipts or disbursement journals for the years in issue. Phuong did not file a W-2 or Form 1099 for the man who allegedly *387 operated the Pacific and received these commissions, Hanh Viet Van (Hanh). In December 1982, Phuong decided to purchase a larger boat, the Lady Dena, from its owner, Russell Neil. The purchase price was $ 100,000. Mr. Neil informed Phuong that he wanted a cashier's check in this amount. On March 15, 1983, Phuong purchased from First Mississippi National Bank (FMNB) a cashier's check for $ 100,000 made payable to Russell Neil. Phuong paid for the cashier's check with $ 95,000 in cash and a $ 5,000 check. A currency transaction report (CTR) was issued by FMNB for this transaction. After he purchased the cashier's check, Phuong learned that the Lady Dena was a Federal boat that could only be purchased by a United States citizen. At that time, he was not a citizen of the United States. He did not use the cashier's check, but redeposited it with FMNB in exchange for a credit slip. Phuong found another buyer for the Lady Dena and used the credit slip to purchase a cashier's check from FMNB on March 18, 1983. Phuong gave this reissued cashier's check to the buyer; it was made out to and cashed by Russell Neil. The CTR alerted respondent to the cash transaction *388 with FMNB and an Internal Revenue agent met with Phuong to determine the source of his $ 100,000. At the time of the meeting, respondent was conducting a "shrimper's project". The shrimper's project started because shrimpers were taking advantage of a fuel tax credit that respondent determined was not intended to be passed annually from the distributor to the user of the fuel. Respondent found that many of the taxpayers audited as part of this project had made large deposits into bank accounts and, on audit, claimed that the source of the money was loans from family and friends. The alleged lenders would claim in turn that they borrowed the money from another friend or relative. Respondent's guidelines for this project included the investigation of any alleged loans and the disallowance of any that were undocumented. Respondent's agents followed these guidelines in the instant case. Phuong was convicted of bribing a revenue agent in connection with the audit of petitioners' returns. Respondent concluded that a likely source of the $ 100,000 used to purchase the cashier's check was unreported income from shrimping. In the notice of deficiency issued to petitioners for their *389 1983 taxable year, respondent included an adjustment for "Other Income" in the amount of $ 100,000. Petitioners assert that the source of the money was loans. These "loans" were not formalized or documented. Neither petitioners nor the alleged lenders have any canceled checks reflecting loans except for the $ 5,000 check mentioned above. [5] Petitioners have no evidence reflecting that the alleged loans in issue were repaid. [6] In other instances, unconnected with this case, when Phuong repaid loans from his sister and from his brother-in-law, he obtained signed, notarized documents of repayment. Furthermore, Phuong admitted he kept cash at home in a closet or a drawer. *390 In response to an information document request from respondent, petitioners provided letters from 15 people each stating they lent money to Phuong. Respondent stipulated to receipt of these letters but did not concede their authenticity. Respondent's practice in the shrimper's project was to send a form letter to every alleged lender asking for documentation of the alleged loans. Respondent mailed such a letter to the authors of the 15 letters and received 7 responses, but does not concede their authenticity. Two of the alleged lenders testified on behalf of petitioners, one of whom, Minh Hoang, had written the $ 5,000 check, and the other of whom, Hin Hoang, lent Phuong $ 15,000 in cash. OPINION Respondent determined that petitioners had unreported income for the 1983 taxable year, $ 95,000 of which is in issue. Respondent argues that the $ 95,000 in issue is unreported income from shrimping. Respondent's determinations are presumed to be correct; petitioners have the burden of showing they are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners allege that respondent's determination was arbitrary, capricious, *391 and without any rational basis. We reject petitioners' argument that respondent's determination was arbitrary, for two reasons. First, this allegation was not raised in the petition or petitioners' other pleadings and therefore petitioners are deemed to have conceded the issue. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); see also Merlino v. Commissioner, T.C. Memo. 1993-200; Astuto v. Commissioner, T.C. Memo. 1987-200 ("Because petitioner did not challenge the correctness of the notice in his petition or subsequent pleadings, it is deemed conceded."). Second, this Court generally will not look behind the statutory notice of deficiency to examine the evidence respondent used in making her determinations. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The rationale underlying this rule is that a trial in this Court is a proceeding de novo based on the merits of the case, not on the record developed at the administrative level. *392 Greenberg's Express, Inc. v. Commissioner, supra at 328. [7]
*393 Thus, respondent's determination is presumed correct and petitioners have the burden of proving the determination erroneous. Welch v. Helvering, supra at 115; Nicholson v. Commissioner, T.C. Memo. 1993-183. We must now determine whether petitioners have met their burden of proof. Anastasato v. Commissioner, 794 F.2d 884, 888 (3d Cir. 1986), vacating T.C. Memo. 1985-101. To the extent petitioners do not offer evidence in support of their contentions, they fail to carry their burden. Rule 142(a). Petitioners stated that the $ 95,000 cash in issue came from loans, a nontaxable source. If petitioners prove the existence of valid loans, this Court will not view the cash derived from such loans as unreported income. However, we do not credit Phuong with believable testimony with respect to the "loans". We are further suspect of Phuong's version after taking into consideration his bribery of a revenue agent. Thus, we do not accept petitioners' own self-serving testimony as adequate proof of loans. See Mahigel v. Commissioner, T.C. Memo. 1983-529 *394 (not accepting petitioner's testimony, which was "vague and indefinite", as an explanation that bank deposits came from loans from friends and relatives). Minh Hoang testified that she lent Phuong $ 15,000. We find this testimony credible; accordingly we hold that petitioners established a nontaxable source for $ 15,000 of the $ 95,000 cash in issue. No "lenders" besides Minh Hoang and Hin Hoang testified and petitioners did not authenticate the letters respondent received from others. "The burden of proof was on petitioners and we cannot assume that the testimony of a critical absentee witness would have been favorable to them. Indeed, the normal inference is that it would have been unfavorable." Pollack v. Commissioner, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968); see also Mahigel v. Commissioner, supra.Thus, we sustain respondent's determination that petitioners had unreported income in the 1983 taxable year, to the extent of $ 80,000. We recognize that petitioners are cash method taxpayers and that Phuong might have received some part of the unreported income in *395 prior taxable years. Petitioners argued that they could not have received unreported income in 1983 because the cash surfaced in March 1983, but the legal shrimping season in Gulf waters does not begin until May. We disagree. A boat like the Pacific could reach Louisiana waters, where shrimping was permissible in January, February, and March. Moreover, petitioners must maintain books and records adequate to enable them to file a correct return. Secs. 1.446-1(a)(4) and 1.6001-1(a), Income Tax Regs. If a taxpayer fails to maintain books and records, the Commissioner is authorized to reconstruct the taxpayer's income in accordance with a method that in her opinion clearly reflects income. Sec. 446(b); Mahigel v. Commissioner, supra.Because petitioners did not keep books and records adequate to substantiate their shrimping income, they must bear the burden of any resulting timing inaccuracies in reconstructing their income. Conway v. United States, 278 F.2d 710, 712 (1st Cir. 1960) ("In these circumstances we would not hold plainly wrong a rule of thumb allocating the income to the year in which it first came *396 to light."). For all years in issue, respondent disallowed petitioners' claimed deductions for commission expense. Deductions are strictly a matter of legislative grace; petitioners bear the burden of proving their entitlement to all deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Kuhl v. Commissioner, T.C. Memo. 1993-338. Taxpayers must keep records sufficient to substantiate their claimed expenses and deductions. Sec. 6001. Petitioners did not keep records substantiating their deductions for commission expense. If a taxpayer has no records to prove the amount of a business expense deduction, but a court is satisfied that the taxpayer actually incurred some expense, it may make an allowance based on an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731 (1985); Kuhl v. Commissioner, supra. To make an estimate of expenses under the Cohan rule, there must be sufficient evidence that the amount was spent or incurred for the *397 stated purpose. Kuhl v. Commissioner, supra; Manning v. Commissioner, T.C. Memo. 1993-127; Francis v. Commissioner, T.C. Memo. 1988-226. In the instant case, the record is unclear as to who worked on the shrimp boat. Petitioners did not establish that Hanh worked on the boat or the amount Phuong paid him, if anything. Petitioners did not call Hanh to testify. As discussed above, we can only assume that his testimony would have been unfavorable to petitioners. See, e.g., Pollack v. Commissioner, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968); Mahigel v. Commissioner, supra.The record does not provide sufficient evidence for this Court to utilize Cohan in this instance. Thus, we hold for respondent on this issue. Respondent determined that petitioners are liable for an addition to tax under section 6653(a) for their 1983 taxable year. Section 6653(a)(1) imposes an addition to tax of 5 percent of the amount of the underpayment if any part of the underpayment is attributable *398 to negligence. Section 6653(a)(2) imposes an addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence under section 6653(a) is a lack of due care or a failure to do what an ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proof on this issue. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners presented no evidence with respect to this addition so we find for respondent on this issue. Respondent further determined that petitioners are liable for additions to tax under section 6661 for all years in issue. Section 6661 provides for an addition to tax if there is a substantial understatement of income tax. The amount of the addition to tax where it is assessed after October 21, 1986, is equal to 25 percent of the amount attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-502. *399 An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2). Petitioners made no relevant disclosures on their returns. Furthermore, the record does not disclose that petitioners had substantial authority for failing to report the unreported income of $ 80,000 or for deducting commission expense in the absence of adequate books and records. Accordingly, for each year that the Rule 155 computation reflects a substantial understatement within the meaning of section 6661(b)(1), petitioners will be liable for the addition to tax under section 6661. To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. This amount is 50 percent of the interest due on the portion of the deficiency attributable to negligence.↩
1. Phuong V. Nguyen (Phuong) is petitioner in docket No. 30600-91, which relates to his 1982 taxable year. He filed his 1982 return under the filing status "single". In 1983, he married Thu H. Nguyen (Thu). Phuong and Thu filed tax returns for the 1983 and 1984 taxable years under the filing status "married filing joint return". In docket No. 30601-91, which relates to their 1983 and 1984 taxable years, petitioners are Phuong and Thu. The Court consolidated the two cases for trial, briefing, and opinion. For the sake of convenience, the term "petitioners" will be used to refer to Phuong for the 1982 taxable year and to Phuong and Thu jointly for the 1983 and 1984 taxable years.↩
2. Respondent determined that petitioners had $ 100,000 of unreported income for the 1983 taxable year but subsequently conceded that $ 5,000 was from a nontaxable source.↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Two additional issues need not be addressed by the Court: (1) Whether petitioners are liable for self-employment tax for the 1983 and 1984 taxable years, and (2) whether petitioners failed to report $ 115 of unemployment compensation in 1984. With respect to the former of these issues, the parties have agreed that the self-employment tax will apply to the amount of any additional income determined by the Court. With respect to the latter issue, the amount of unemployment compensation depends on other adjustments in the case and the parties have agreed that this is a computational question that need not be resolved by the Court.↩
5. Respondent stipulated that the $ 5,000 check was from a nontaxable source.↩
6. In response to respondent's information document request, petitioners submitted a signed, notarized statement of repayment of $ 10,000 to Su Van Nguyen dated Dec. 21, 1984. However, Phuong conceded that the $ 10,000 loan related to the purchase of the Pacific↩ in 1980. Thus, this loan does not explain any part of the $ 95,000 in issue.
7. An exception to this general rule exists for unreported income cases if the taxpayer establishes that the notice of deficiency lacked any factual foundation and was a so-called "naked assessment". United States v. Janis, 428 U.S. 433, 422 (1976) (dictum); Anastasato v. Commissioner, 794 F.2d 884, 887 (3d Cir. 1986), vacating T.C. Memo. 1985-101; Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984). A naked assessment exists where respondent could not present "some predicate evidence connecting the taxpayer to the charged activity". Gerardo v. Commissioner, 552 F.2d 549, 554 (3d Cir. 1977) affg. in part, revg. in part, and remanding T.C. Memo. 1975-341; Anastasato v. Commissioner, supra at 887; see also Dellacroce v. Commissioner, supra at 280; Merlino v. Commissioner, T.C. Memo. 1993-200; Nicholson v. Commissioner, T.C. Memo. 1993-183↩. We do not reach this issue because petitioners did not raise it in their pleadings.